UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAUL BISHOP**, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-0635 (TNM) |
| **UNITED STATES DEPARTMENT OF AGRICULTURE**, | |
| Defendant. | |

**MEMORANDUM OPINION**

Paul Bishop, proceeding *pro se*, sues the U.S. Department of Agriculture for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e *et seq*. The Department moves to dismiss or, in the alternative, to transfer venue.[1] Because Bishop's allegations fail to support an inference of discrimination, the Court will dismiss the complaint for failure to state a claim.

**I.**

Bishop, an African-American man, applied for three positions with the Department: Pest Survey Specialist, Agriculturalist, and Plant Protection and Quarantine Officer. *See* Compl. ¶¶ 1, 34, 43. The Department considered Bishop eligible for the Pest Survey Specialist position and referred his application to a hiring manager in Phoenix, Arizona. *See id.* ¶ 26. Bishop interviewed for the position, *id.* ¶ 27, but the Department did not select him, *id.* ¶ 31. Similarly,

---

[1] Also before the Court is Bishop's motion for leave to file a surreply. *See* ECF No. 12. The Court will grant the motion. The surreply is far from a model of clarity, however, and aside from an argument about venue, *see* Surreply at 2, it does nothing to advance Bishop's cause.

1

the Department found Bishop eligible for the Plant Protection and Quarantine Officer position and referred his application to the hiring manager in Fresno, California. *Id.* ¶ 44. The complaint does not state whether the Department found Bishop eligible for the Agriculturalist position or whether he was interviewed for the Plant Protection and Quarantine Officer position. Regardless, the Department did not select him for any of the three positions. *See id.* ¶¶ 31, 42, 45. So Bishop concludes that the Department discriminated against him on the bases of his race and sex in violation of Title VII. *Id.* ¶ 1. He demands "monetary damages and all other awards allowed by [Title VII] for loss of salary and promotional opportunities." *Id.* ¶ 47.

## II.

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A motion under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires that a complaint raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545–46. A claim is plausible when it contains factual allegations that, if true, would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the non-moving party and accepts as true all reasonable inferences drawn from well-pled factual allegations. *See In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F.

Supp. 914, 915 (D.D.C. 1994). Consideration is limited to "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice." *Hurd v. District of Columbia Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (cleaned up). Yet the Court does not "accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Bishop proceeds *pro se*, so the Court construes his submissions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). In so doing, the Court considers not only the complaint itself but also a *pro se* litigant's opposition to a motion to dismiss and any surreply. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (noting the district court's obligation "to consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss"). But even judged by this generous standard, Bishop's filings are long on legal conclusions and short on factual allegations.

### III.

"All personnel actions affecting . . . applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race [or] sex[.]" 42 U.S.C. § 2000e-16(a). Where, as here, a plaintiff does not present direct evidence of discrimination, a Title VII claim typically is analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A plaintiff's first task is to make out a prima facie case of discrimination by showing "that (1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (cleaned

3

up); *see Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008) ("[u]nder Title VII . . . , the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race [or] sex"). If he does so, "the employer must articulate a legitimate, non-discriminatory reason for its action; and if it does, then the plaintiff must receive an opportunity to show that the employer's reason was a pretextual cover for discrimination." *Easaw v. Newport*, 253 F. Supp. 3d 22, 26 (D.D.C. 2017) (cleaned up)

At the pleading stage, the Court "cannot throw out a complaint even if the plaintiff did not plead the elements of a *prima facie* case.'" *Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014) (cleaned up). That said, a complaint still must allege facts permitting the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. So conclusory allegations and unadorned speculation about the Department's hiring practices will not "allow the Court to infer that [it was] motivated by discrimination based on" Bishop's race or gender. *Beaulieu v. Barr*, No. 15-cv-00896, 2019 WL 5579968, at *4 (D.D.C. Oct. 29, 2019).

In the Department's view, the complaint must be dismissed because it fails to allege a plausible entitlement to relief. *See* Def.'s Mot. to Dismiss or Transfer (Def.'s Mot.) at 4, ECF No. 7. The Department claims that the complaint lacks sufficient factual content to push Bishop's allegations of discrimination from merely possible to plausible. Rather, Bishop "alleges little more than protected characteristics under Title VII (race and sex) and a lack of employment at a federal agency." *Id.* at 5. So the Department argues that Bishop's allegations do not support a reasonable inference of a connection between his race or sex and his effort to work for the Department. *See id.*

4

The Court agrees. Bishop only manages to allege, in conclusory fashion, that he is a member of a protected class who suffered an adverse employment action because of his race and sex. There are no well-pled factual allegations to support the assertion of discrimination, however, and without them Bishop's Title VII claim fails.

All that is known is that Bishop was not selected for any of the three positions for which he applied and that the Department selected other candidates for two positions. Bishop does not, for example, allege the race "of at least some of the relevant persons" selected, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), or whether any decisionmaker made a statement reasonably construed as discriminatory in itself. Nor does Bishop suggest that there is a "significant qualifications differential" between himself and the hired candidates. *Barnette v. Chertoff*, 453 F.3d 513, 518 (D.C. Cir. 2006). Indeed, Bishop alleges that the Department hired unspecified persons with similar qualifications. *See* Surreply at 1, ECF No. 12. "That allegation alone is insufficient to plead that [the Department's] failure to [hire him] was motivated by unlawful discrimination of some kind." *Beaulieu*, 2019 WL 5579968, at *4.

Bishop's disagreement with the Office of Personnel Management's (OPM) eligibility criteria does not change the calculus. He claims that the Department "interviewed [him] for a position . . . in which the OPM claims he is ineligible." Pl.'s Opposition at 1 (Opp'n), ECF No. 9; *see* Compl. ¶¶ 2–9. But whether the OPM correctly determined his eligibility is unrelated to whether *the Department's* decisionmaker "faile[ed] to follow established procedures or criteria" in deciding not to hire Bishop. *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 495 n.3 (D.C. Cir. 2008). In any event, even if OPM or the Department incorrectly determined his eligibility, Bishop fails to allege facts that suggest that determination was connected to his race or sex. *See Washington v. Chao*, 577 F. Supp. 2d 27, 46 (D.D.C. 2008) ("procedural irregularities do not

raise an inference of racial discrimination unless there is a connection to the discrimination that the plaintiff is claiming") (cleaned up).

    The Court is left, then, with Bishop's conclusory statement that, because the Department did not hire him, the Department must have discriminated against him on the bases of his race and sex. Given the dearth of factual allegations, it is not reasonable to conclude that Bishop was treated differently from a similarly situated selectee who was neither Black nor male. *See, e.g.*, *Bishop v. U.S. Dep't of Agric.*, No. 19-cv-01836, 2020 WL 3064421, at *3 (D.D.C. June 9, 2020) (dismissing Title VII claim where plaintiff "manages only to allege, in conclusory fashion, that he is a member of a protected class who suffered an adverse employment action because of his race" without "factual allegations to support these assertions"), *aff'd*, No. 20-5170, 2020 WL 6600053 (D.C. Cir. Oct. 20, 2020); *Massaquoi v. District of Columbia*, 81 F. Supp. 3d 44, 49 (D.D.C. 2015) (finding it unreasonable to infer discrimination "because the complaint is entirely void of any suggestion that the plaintiff was treated any differently than similarly situated employees who were not of the plaintiff's national origin, gender, or religion"). And in this circumstance, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (cleaned up).

## IV.

    For these reasons, the Court will dismiss Bishop's complaint for failure to state a claim.[2] The Court will deny the Department's motion to dismiss insofar as it requests dismissal with

---

[2] The Department argues in the alternative that the Court should transfer this case to either the Eastern District of California or the District of Arizona. Def.'s Mot. at 5–8. Because Bishop's complaint fails to state a plausible claim of employment discrimination, the Court does not reach this argument.

6

prejudice.  Dismissals with prejudice under Rule 12(b)(6) are disfavored in this circuit, and the "standard for dismissing a complaint with prejudice is high."  *Coon v. Wood*, 68 F. Supp. 3d 77, 82 (D.D.C. 2014); *see also, e.g.*, *Rudder v. Williams*, 666 F.3d 790, 794–95 (D.C. Cir. 2012) (dismissal with prejudice is "the exception, not the rule" and is "warranted only when the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").  That high standard is not met here.  A separate Order will issue.


Dated: December 5, 2022                                                         TREVOR N. McFADDEN, U.S.D.J.